UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80588-CIV-COHN/SELTZER

MAXIMO GOMEZ,

    Petitioner,

v.

WILLIAM CHURCHWELL, Warden,
Dade Correctional Institution,

    Respondent,
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Report and Recommendation to District Judge [DE 15], submitted by United States Magistrate Judge Barry S. Seltzer, regarding Petitioner Maximo Gomez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1]. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, Report and Recommendation, and Petitioner's Objections [DE 16], and is otherwise fully advised in the premises.

On January 15, 2004, a Palm Beach County jury found Petitioner guilty of burglary of an occupied dwelling with an assault or battery. On February 27, 2004, the trial court adjudicated Petitioner guilty and sentenced him to life in prison pursuant to Fla. Stat. § 775.082. The Petitioner raises two constitutional grounds to challenge his conviction and sentence.[1]  Specifically, Petitioner argues that (1) the trial court violated Petitioner's constitutional right to confront witnesses against him; and (2) ineffective

---

[1] The Petition raised three grounds, however Petitioner withdrew one of the grounds in his Reply [DE 11].

assistance of counsel. In a comprehensive Report and Recommendation, Judge Seltzer found that the claims raised in the Petition lacked merit and recommended that the Petition be denied. Petitioner timely filed his Objections in which he "asks this Court to reject the R&R as to these two grounds." DE 16 at 3.

    **1.**    **Confrontation Clause**

The Petitioner argues that the trial court violated his constitutional right to confront witnesses when it limited his attorney's cross-examination of the victim. The Petition argues, in pertinent part:

> Petitioner was not permitted to question victim about the leniency she received from her probation officer when she reported she violated [probation] by leaving county. Also Petitioner was not permitted to question victim about the fact she was told she would only be [in violation of probation] if she was arrested or did not appear to testify against Petitioner.

DE 1 at 6.

Judge Seltzer found that "[n]othing in the record supports the Petitioner's claim that the victim had received leniency." DE 15 at 9. The Report explains that the victim did not actually violate her probation because she did not wilfully leave the county, but rather was forced to travel against her will at knife-point. Id. Moreover, "during an extended proffer, the victim did not express fear or concern that her probation would be revoked." Id. In addition, "[n]ot only did the Petitioner fail to adduce evidence that the victim was motivated to curry favor with the Palm Beach County State Attorney . . ., but at the trial judge noted, the court having jurisdiction over the victim's probation was located in an entirely different Circuit, Miami-Dade County." Id. at 10-11. Lastly, Judge Seltzer found that even if the trial judge erred, such error was harmless because "the

evidence of Petitioner's guilt . . . was overwhelming." Id. at 11.

Petitioner's Objections consist primarily of block quotations that state the importance of a defendant's sixth amendment right and establish that a defendant is allowed to explore whether there is a deal between the government and the witness. DE 16 at 2 (citing McKinzy v. Wainwright, 719 F.2d 1525 (11th Cir. 1983). The Court does not take issue with these propositions in general. However, what is lacking from the Objections is application of these principles to the specific circumstances of this case. Petitioner does not address the affirmative evidence in the record that the victim did not receive leniency in exchange for her testimony. In addition, the witness was placed on probation by a Miami-Dade County Judge, who withheld adjudication on the felony charge. At Petitioner's trial, the State argued that Petitioner's counsel was merely attempting to alert the jury to the victim's probationary status, notwithstanding that Florida law did not allow such disclosure where adjudication had been withheld. DE 15 at 8-9.

"[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985). The scope of cross-examination regarding a particular line of inquiry is "within the sound discretion of the trial court," and "it may exercise a reasonable judgment in determining when [a] subject is [inappropriate]." Alford v. United States, 282 U.S. 687, 694 (1931). "[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is

repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The Court agrees with Judge Seltzer that Petitioner failed to set forth any credible evidence to support the claim that the witness's testimony was biased because she expected leniency from the State. In light of this failure, the Petitioner's sixth amendment right was not violated when the trial judge did not permit questions regarding the victim's probationary status.[2]

Petitioner's sixth amendment claim also fails based on the doctrine of harmless error. Petitioner admitted to breaking two windows and entering the victim's home against her will, see DE 15 at 11 (citing Tr. 288-89, 303), and throwing the victim down to the floor. See DE 15 at 12 (citing Tr. 289). The foregoing testimony was corroborated by photographs of the victim's injured face and of the broken windows. Id. Petitioner's Objections fail to meaningfully address the overwhelming evidence which supported his conviction even if Petitioner's counsel was able to raise doubts about the victim's credibility. Accordingly, the Court agrees with Judge Seltzer that "even if the trial judge had erred, her error was 'harmless.'" DE 15 at 11.

### 2.   Ineffective Assistance of Counsel

Petitioner claims that he was denied effective assistance because his trial counsel failed to call neighbors to testify that Petitioner lived at the residence he was accused of burglarizing. See DE 1 at 8. The Court agrees with Judge Seltzer that the "testimony of Petitioner's witnesses . . . would have been irrelevant to the burglary

---

[2] Petitioner's Objections do not specifically challenge Judge Seltzer's finding that there is insufficient evidence on the record to support a claim that "the State had threatened to charge the victim with a probation violation for failing to appear in court to testify against Petitioner." DE 15 at 13.

4

conviction, as the home was that of the victim, not the Petitioner." DE 15 at 16.

The Objections argue that "[i]f Petitioner had been living there, ownership of the home is irrelevant because he had blanket permission to be inside." DE 16 at 3. However, that statement is at odds with Florida law and the record evidence. The case law establishes that a burglary conviction may be supported where the victim had a "superior possessory" interest in the home and the defendant did not have permission to enter. Washington v. State, 11 So. 3d 980 (Fla. 5th DCA 2009); see also Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001). In Washington, the court affirmed a burglary conviction where defendant's name was still on both the lease and a utility bill for the home because the victim had kicked the defendant out and the victim had a superior interest in the premises. See Washington, 11 So. 3d 980. In Jones, the court upheld a burglary conviction despite the fact that the defendant used to have a key to the residence and his children still lived there. See Jones, 790 So.2d 1194.

Here, Petitioner had either an equal or an inferior interest in the victim's home as compared to the defendants in Washington and Jones. In addition, "Petitioner admitted in closing argument that he had no permission to be in the victim's home." DE 15 at 16 (citing Tr. 388-89).[3] Accordingly, the Court agrees with Judge Seltzer that given the Petitioner's testimony "it would have made little sense – and ultimately would have made no difference – were counsel to have called the 'neighbors' to testify." DE 15 at 16.

---

[3] The Court also notes that Petitioner's sister testified that the Petitioner resided at the victim's home and the State argued that the alleged testimony of the "neighbors" would have been cumulative. See DE 15 at 16.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation to District Judge [DE 15] of United States Magistrate Judge Barry S. Seltzer is **ADOPTED**.

2. Petitioner Maximo Gomez's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of September, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record